**CABOT SAFETY INTERMEDIATE CORPORATION, Plaintiff,**

v.

**ARKON SAFETY EQUIPMENT, INC., Defendant.**

Civil Action No. 95–40190–NMG.

United States District Court,
D. Massachusetts.

Feb. 4, 1998.

Arthur F. Dionne, Michael A. Cantor, Philmore H. Colburn, II, Leah M. Reimer, William J, Cass, Fishman, Dionne & Cantor, Windsor, CT, for Plaintiff.

James R. Cartiglia, Martha B. Allard, Jeffrey J. Miller, St. Onge Steward Johnston & Reens, Stamford, CT, for Defendant.

### MEMORANDUM AND ORDER

GORTON, District Judge.

On October 5, 1995, Cabot Safety Intermediate Corporation ("Cabot") filed an action against Arkon Safety Equipment, Inc. of U.S.A. ("Arkon") alleging infringement of claim 1 of Cabot's Patent No. 4,867,149

("the '149 patent") under 35 U.S.C. § 271. Pending before this Court is Cabot's Motion for a Preliminary Injunction (Docket No. 74).

### I. Background

The issue in the pending case is whether Arkon's marketed earplugs infringe Cabot's patent for earplugs, the '149 patent. Cabot's patented earplug has an elongated stalk with a nose end and three hollow, rearwardly-extending, spaced-apart flanges. The flanges have substantially circular cross-sections of serially decreasing diameters, with the smallest diameter flange located at the nose of the stalk. Each of the flanges has a generally hemispherical shape, comprises a skirt of relatively uniform thickness (0.008 – 0.050 inches) and is composed of a resilient, polymeric material having a hardness value within certain limits. The diameter of the stalk provides an annular free space between the inner surface of the flange and the stalk.

Arkon offered for sale and/or sold two styles of earplugs, the ORIS® Comfort–Fit and the ORIS® Track–Fit Earplugs. After Cabot filed this action, Arkon stopped making those earplugs and began to manufacture and sell a new earplug. Cabot now seeks a preliminary injunction enjoining Arkon from making, manufacturing, offering for sale or selling its new earplug.

### II. Analysis

#### A. Standard for a Preliminary Injunction

In ruling on a motion for a preliminary injunction, this Court must consider whether Cabot has established that: 1) it has a reasonable likelihood of success on the merits, 2) there exists, absent injunctive relief, a significant risk to Cabot of irreparable harm, 3) the balance of hardship tilts in its favor, and 4) granting the injunction will not negatively affect the public interest. *Hybritech Inc. v. Abbott Labs.*, 849 F.2d 1446, 1451 (Fed.Cir. 1988).

#### B. Likelihood of Success on the Merits

To establish a reasonable likelihood of success on the merits, Cabot must show, *inter alia,* a likelihood of success on the issue of infringement. The analysis of a patent infringement claim involves two steps: deter-

mining the scope of the claims and determining whether the accused device infringes those claims. *Markman v. Westview Instruments, Inc.,* 52 F.3d 967, 976 (Fed.Cir.1995), *aff'd* 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996). Literal infringement may be found only when and if the accused device embodies every element of the patent claim. *Strattec Security Corp. v. General Automotive Specialty Co., Inc.,* 126 F.3d 1411, 44 U.S.P.Q.2d 1030, 1035 (Fed.Cir. 1997).

Arkon contends that Cabot has failed to establish a likelihood of success on the issue of infringement because, *inter alia,* it has failed to demonstrate that each of the flanges of Arkon's new earplug has a generally hemispherical shape. Because Cabot's own witness acknowledges that the flanges of Arkon's new earplug are hemiellipsoidal (*see* Report of Ross Gardner), this Court agrees that Cabot has failed to establish a likelihood of success on the merits.

#### C. Irreparable Harm

This Court does not find a clear showing of patent infringement as to Arkon's new earplugs. Consequently, the presumption of irreparable harm that arises when a patentee clearly shows that his patent is valid and infringed does not arise here. *See Nutrition 21 v. United States,* 930 F.2d 867, 871 (Fed.Cir.1991) ("without a clear showing of validity and infringement, a presumption of irreparable harm does not arise"). Cabot presents no arguments to support a finding of irreparable harm to it in the absence of such a presumption.

Because Cabot has failed to establish either a reasonable likelihood of success on the merits or the existence, absent injunctive relief, of a significant risk of irreparable harm, this Court will deny its motion for a preliminary injunction.

### ORDER

For the foregoing reasons, the plaintiff's motion for a preliminary injunction (Docket No. 74) is **DENIED**. So ordered.